# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID E. BANKS,

        Petitioner,    :   Case No. 3:14-cv-393

- vs -   District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
 Institution,

        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 7) to the Magistrate Judge's Report and Recommendations (Doc. No. 6) recommending the Petition be dismissed with prejudice. Judge Rose has recommitted the case for reconsideration in light of the Objections (Doc. No. 8).

Banks was convicted on his plea of guilty in the Montgomery County Common Pleas Court of burglary, obstructing official business, and possession of criminal tools and sentenced to eight years imprisonment (Petition, Doc. No. 2, PageID 80).[1]  He took no direct appeal, but

---

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page.  The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference.  (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.)"  The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy.  Therefore, nonconforming filings will be stricken.

1

later filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Id.* at PageID 82. That petition was denied in the Common Pleas Court and the denial was affirmed on appeal. *Id.* Banks' attempted further appeal to the Ohio Supreme Court was rejected as untimely because it was received November 19, 2013, one day after the forty-five day limit on filing such appeals had expired. *Id.* at PageID 83.

    Banks raises the following Grounds for Relief:

> **Ground One:** Ineffective Assistance of Trial Counsel, in Violation of Mr. Banks' Sixth Amendment Rights.
>
> **Supporting Facts:** 1. Mr. Banks' trial attorney informed him that for a guilty plea, he would receive a 4 year sentence, yet, Mr. Banks received an 8 year sentence. 2. Mr. Banks' trial attorney did not comply with the Ohio Rules of Professional Conduct, in which this act has also violated Mr. Banks' Sixth Amendment Rights.
>
> **Ground Two:** The trial court's termination entry is void due to the fact that the trial court did not sign Mr. Banks' termination entry pursuant to Crim. R. 32(c).
>
> **Supporting Facts**: 1. Mr. Banks' termination entry is not valid due to the fact that his trial judge did not [sign] the termination entry. 2. No trial court signature is on Mr. Banks' termination entry.
>
> **Ground Three:** The Ohio Supreme Court abused its discretion when it did not file Mr. Banks' Memorandum [in support of jurisdiction] in a timely fashion.
>
> **Supporting Facts**: 1. Mr. Banks' Memorandum in support of jurisdiction to the Ohio Supreme Court was due on November 18, 2013. 2. Mr. Banks placed his memorandum in the mail on or about November 12, 2013. The Ohio Supreme Court stamped Mr. Banks' memorandum received on November 19, 2013, which is one day late.

(Petition, Doc. No. 2.)

**Ground One:  Ineffective Assistance of Trial Counsel in Plea Negotiations**

Banks was indicted by the Montgomery County grand jury in Case No. 10-CR-1284 on one count each of burglary, obstructing official business, and possession of criminal tools (Principal Brief, Doc. No. 1-4, PageID 52).  Subsequently he was indicted in Case No. 10-CR-2935 with one count each of burglary, receiving stolen property, possession of criminal tools, and escape. *Id.* at PageID 53.  He pled guilty to all charges except for the escape charge, which was dismissed, and was sentenced to concurrent prison terms totaling eight years. *Id.*

While he took no direct appeal, Banks did file a petition for post-conviction relief.  The Common Pleas Court denied relief and Banks appealed.  The Second District Court of Appeals affirmed the denial on two bases:

> **[\*P14]** In this case, Banks claims that he is entitled to post-conviction relief because his trial counsel was ineffective. His claim is based solely on conclusory and self-serving statements contained in his petition regarding his interactions with counsel. He did not demonstrate through the record or additional documentary evidence that there are substantive grounds for relief. Accordingly, the trial court properly denied the petition without holding an evidentiary hearing.
>
> **[\*P15]** Banks's petition is also untimely. He did not directly appeal his conviction; therefore, he had 180 days after the expiration of time to file an appeal to file a petition. He was convicted on July 8, 2011, and pursuant to App.R. 4, the expiration of time to file an appeal is 30 days thereafter, which is August 7, 2011. Therefore, the deadline to file his petition for post-conviction relief was 180 days later, or February 3, 2012. Banks filed his petition on July 2, 2012, five months after the deadline.

*State v. Banks,* 2013-Ohio-4394, 2013 Ohio App. LEXIS 4632 (2nd Dist. Oct. 4, 2013).

This Court assumes for the sake of argument that Banks' claims of ineffective assistance of trial counsel made in the post-conviction petition are the same as he makes here, to wit, that

his attorney promised him a four-year sentence instead of the eight he received. If such a promise were made and not contradicted by the record made by the trial judge in taking the plea, it would constitute ineffective assistance of trial counsel to have made the promise. The Court notes, however, that Banks has changed his argument from the Petition to his Principal Brief where he claims the State actually offered a four-year sentence (Doc. No. 1-4, PageID 62).

However, regardless of the content of his 2953.21 petition, Banks has procedurally defaulted on his claims of ineffective assistance of trial counsel because he failed to file that petition within the time allowed by Ohio law.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

4

The Sixth Circuit Court of Appeals requires a four-part analysis on possible procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

In this case, there clearly is an Ohio procedural rule which is applicable – the deadline for filing a petition under Ohio Revised Code § 2953.21.  Furthermore that rule was enforced against Banks by the Second District.  The rule is plainly independent of federal law and the Supreme Court has routinely found state time limitations to be adequate as they protect the State's interest in the finality of criminal judgments.  See, e.g., *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(upholding the forty-five day time limit on appeals to the Ohio Supreme Court).   Banks

has offered no excusing cause and prejudice for his late filing.

Therefore Ground One for Relief should be dismissed with prejudice.

**Ground Two:  Judgment Void for Lack of Signature**

In his Second Ground for Relief, Banks claims his criminal judgment is void because it is not signed.  Despite repeated factual assertions to this effect, Banks does not attach a copy of the purportedly unsigned termination entry.

Putting to one side the question whether the United States Constitution requires such a signature, Banks cannot prevail on this claim because the Second District Court of Appeals expressly found:

> **[*P19]**  As for the first unassigned argument, regarding the trial judge's alleged failure to sign an entry, Banks does not specify what entry was unsigned. Furthermore, we have reviewed the docket and confirmed that all entries were signed in Case Nos. 2010 CR 01284 and 2010 CR 02935/01. Accordingly, this argument has no merit.

*State v. Banks, supra.*  Findings of fact by a state court later reviewed in habeas corpus are presumed to be correct unless that presumption is overcome by clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1).  Banks has presented no evidence to the contrary. Therefore his Second Ground for Relief should be dismissed with prejudice.

**Ground Three:  Abuse of Discretion by the Ohio Supreme Court**

In his Third Ground for Relief, Banks claims the Ohio Supreme Court abused its discretion when it failed to file his Memorandum in Support of Jurisdiction, even though he admits that it was one day late.  In the original Report the Magistrate Judge concluded this failure to file on time worked a procedural default of all of Banks' claims.  In his Objections, he asserts that he can show excusing cause and prejudice.  In particular, he claims he can show he deposited his Memorandum in Support of Jurisdiction in the prison mail system on November 12, 2013, six days before it was due.  He asserts the Court will clearly see this when it examines the exhibits attached to his Petition.  However, although he has filed an Appendix which lists Exhibits A through E which are purportedly attached, there are no such exhibits.

If Banks had such proof, the Court would be inclined to accept it as excusing cause for failing to file in the Ohio Supreme Court.  But even if the Court did so, that would not assist Banks' case because it would not excuse his prior failure to file his 2953.21 petition on time.  Nor would it overcome the Second District's factual finding that all relevant termination/judgment entries in Banks' cases were in fact signed.

Finally the Magistrate Judges notes that Ground Three does not state a claim on which relief can be granted.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13, 178 L. Ed. 2d 276 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).   Abuse of discretion is not a denial of due process *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 8, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).